J-S73043-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| C.F.M. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| B.S.B. | : | |
| | : | |
| Appellant | : | No. 1010 WDA 2018 |

Appeal from the Order Entered June 7, 2018
In the Court of Common Pleas of Somerset County Civil Division at
No(s):  527 Civil 2008

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OLSON, J.

MEMORANDUM BY OLSON, J.:                     FILED JANUARY 04, 2019

Appellant, B.S.B.[1], appeals pro se from the order entered on June 7, 2018, denying relief on his pro se motion for contempt of court for a violation of a custody order.  We affirm.

We briefly set forth the facts and procedural history of this case as follows.  On December 5, 2017, the trial court entered an order memorializing a custody agreement between Appellant and C.F.M. (Mother), regarding their two children, a son (born August, 2005) and a daughter (born October, 2006).  The order gave Appellant and Mother shared legal custody of the children.  Because Appellant has been incarcerated since 2015, the trial court gave Mother primary physical custody.  Relevant to this appeal, the custody order

_____

[1] As this case involves a custody dispute, we refer to the parties by their initials to protect the identity of the children.  We have amended the caption accordingly.

directed Mother, inter alia, to: 1) provide Appellant with a copy of a car accident report pertaining to their daughter; 2) refrain from relocating the children's residence in a manner that "significantly impairs the ability of the other party to exercise custodial rights[;]" and, 3) send Appellant the children's school photographs and periodically send additional photographs "at least every three months or so." N.T., 12/5/2017, at 18-21.

On January 5, 2018, Appellant filed a pro se motion for contempt of court for a violation of the December 5, 2017 custody order. Appellant alleged that Mother changed residences without notifying him and failed to send him photographs of the children and his daughter's car accident report. The trial court held a custody conference and hearing on the contempt petition on June 7, 2018. At its conclusion, the trial court determined that Mother had not willfully violated the custody agreement and denied Appellant's motion for contempt. Appellant filed a pro se notice of appeal, along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), on July 6, 2018. On August 1, 2018, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a), relying upon "the rationale and reasons for the [o]rder [as] fully and concisely explained in the transcript of the [June 7, 2018] hearing that [was] already filed of record." Trial Court Opinion, 8/1/2018, at 1.

On appeal, Appellant claims that the trial court abused its discretion in denying his petition for contempt. Our standard of review is as follows:

When we review a trial court's finding of contempt, we are limited to determining whether the trial court committed a clear abuse of discretion. This Court must place great reliance on the sound discretion of the trial judge when reviewing an order of contempt. This Court also has stated that each court is the exclusive judge of contempts against its process.

G.A. v. D.L., 72 A.3d 264, 269 (Pa. Super. 2013) (internal citation and quotations omitted). We previously determined:

A court may exercise its civil contempt power to enforce compliance with its orders for the benefit of the party in whose favor the order runs but not to inflict punishment. A party must have violated a court order to be found in civil contempt. The complaining party has the burden of proving by a preponderance of evidence that a party violated a court order.

Garr v. Peters, 773 A.2d 183, 189 (Pa. Super. 2001) (internal citation omitted).

Upon review of the contempt hearing, we discern no abuse of discretion in denying Appellant's request to hold Mother in contempt for violating the terms of the parties' custody agreement. The trial court systematically addressed each of Appellant's contentions individually. First, the trial court recognized that Mother and children had moved, but only "two or three" miles from their original location which did not significantly impair Appellant's ability to exercise custodial rights so as to constitute "relocation" within the meaning of the custody statute found at 23 Pa.C.S.A. § 5337. N.T., 6/7/2018, at 3-4; see 23 Pa.C.S.A. § 5322(a) (defining relocation as "[a] change in the residence of [a] child which significantly impairs the ability of a nonrelocating party to exercise custodial rights[]"). Appellant admitted that he received his daughter's school picture in February 2018 with a letter explaining that Mother

- 3 -

did not send their son's photo because she did not like it. Id. at 4. Appellant received two photos of the children in May 2018. Id. Such actions were in keeping with the parties' agreement to send the children's school photographs and additional photos within three months. Moreover, the parties additionally agreed that Mother would send photographs even more frequently, once every two months. Id. at 6. Finally, Appellant conceded that Mother's counsel provided him with a police report of their daughter's car accident. Id. at 12. However, Appellant complained that the police report did not contain information regarding the extent of his daughter's injuries. Id. at 13. The trial court determined that Mother had complied by sending the police report as agreed. Id. at 16. Moreover, the trial court was satisfied that daughter's "injuries have more or less resolved, and with the exception of [potential] scarring[,] that there is no further on-going treatment with regard to any of these injuries" which would require Mother to provide Appellant with additional information outside of the police report. Id. at 15. Based upon all of the foregoing, we discern no abuse of discretion in denying Appellant relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/2019

- 4 -